IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RICHARD ANTHONY MONTEZ,           §
SID #819042,                      §
                                  §     5:18-CV-749-RBF
          *Plaintiff,*            §
                                  §
                                  §
vs.                               §
                                  §
SHERIFF JAVIER SALAZAR; CAPTAIN   §
JOEL JANSSEN; LIEUTENANT          §
DARREN WILLIAMS; SERGEANT         §
ROXANNE MATHAI; DEPUTY            §
OFFICER PEDRO CORREA,[1]          §
                                  §
          *Defendants.*           §

## ORDER

This Order concerns the Motion to Dismiss filed by Defendants Bexar County Sheriff

Javier Salazar, Captain Joel Janssen, Lieutenant Darren Williams, Sergeant Roxanne Mathai, and

Deputy Officer Pedro Correa. *See* Dkt. No. 14. Also at issue are two documents filed as

"motions" that the Court has, in the interest of justice, construed as responses by Plaintiff

Richard Anthony Montez to the Motion to Dismiss. *See* Dkt. No. 20 (order explaining that the

two motions will be construed as responses to the Motion to Dismiss). The parties have

consented to trial by a magistrate judge, and authority for this Order therefore stems from those

consents and 28 U.S.C. 636(c). *See* Dkt. Nos. 11, 15 (consents) & 18 (reassignment order).

---

[1] As noted in footnote 1 of the Motion to Dismiss, Dk. No. 14, there is some confusion concerning the identity of the various defendants. The summons served on the Personnel Administrator of the Bexar County Sheriff's Office didn't identify any of the Individual Defendants. Accordingly, the individuals listed in the caption are those identified by Defendants as those "most likely" to be the parties Plaintiff Montez sought to identify and sue. As the Court is ordering the filing of a more definite statement, Plaintiff should use the more definite statement to clarify, if necessary, precisely who it is he wishes to sue.

Defendants' motion requests dismissal of Montez's claims or, in the alternative, an order directing Montez to file a more definite statement.

Defendants' motion has merit. But the Court is mindful of its obligation to liberally construe a pro se plaintiff's complaint. Accordingly, before Montez's claims are dismissed, Montez will be ordered to file—within 30 days from the date of this Order—a more definite statement to address the issues discussed in this Order. *See* Fed. R. Civ. P. 12(e). Montez is advised that Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, the Motion to Dismiss, Dkt. No. 14, is **GRANTED IN PART**, and Montez will be required to file a more definite statement.

## I.    Factual and Procedural Background

The claims at issue arose while Plaintiff Montez was a pretrial detainee in the Bexar County Adult Detention Center (BCADC). At their core, the claims involve the alleged confiscation of Montez's belongings and other actions by BCADC officers following an incident at the BCADC that didn't directly involve Montez. Dkt. No. 1 at 4-5. Montez further alleges that BCADC personnel made threatening remarks and improperly handled his grievances, and that one officer shined a flashlight in his eyes, causing headaches and vision problems. Montez also complains about allegedly unsanitary conditions at the BCADC. Dkt. No. 6 at 1-2. In addition to Bexar County Sheriff Javier Salazar, Montez names four BCADC officers as Defendants: Sergeant Mathai; Deputy Officer Correa; Lieutenant Williams; and Captain Janssen.

After filing his Complaint, Montez filed three advisories. Dkt. Nos. 4, 5, 6. The first, Dkt. No. 4, corrects an error in the Complaint. The second, Dkt. No. 5, corrects another error and

provides additional allegations. The third, Dkt. No. 6, raises further allegations concerning allegedly unsanitary conditions at the BDADC.

Defendants filed a motion to dismiss in April of 2019. In lieu of a response, Montez filed two documents (shortly after the motion to dismiss and in late May of 2019, respectively) styled as "motions," Dkt. Nos. 16, 19, which the Court will construe as responses to the motion to dismiss because they address and take issue with the Motion to Dismiss.

## II. Analysis

As discussed further below, the Motion to Dismiss has merit. But in the interest of justice, and given Montez's pro se status, the Court will order a more definite statement instead of dismissing the action at this time. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting that court should allow a plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Matters that ought to be addressed in Montez's more definite statement are discussed next.

*Municipal liability*. It's not entirely clear whether Montez's claims against Sheriff Salazar are lodged against the Sheriff in his official or individual capacity. Claims lodged against a public official, like the Sheriff, in his "official capacity" are claims against the governmental entity the official represents—in this case, Bexar County. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). Here, to the extent there is an official-capacity claim, it must be clarified. As currently alleged, there's no factual basis provided capable of supporting the imposition of municipal liability.

Taking the claims against the Sheriff as claims against Bexar County brings us to the well-settled proposition that a county cannot be held vicariously liable under § 1983 for the actions of its employees. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-92 (1978). Montez, however, nonetheless asserts that the basis for Sheriff Salazar's (*i.e.*, the County's) alleged liability is his status as "the employer" of BCADC personnel and "the company[']s head[.]" Dkt. Nos. 1 at 3; 5 at 3. To state a claim for municipal liability upon which relief may be granted, a plaintiff must allege facts that, if taken as true, reflect an injury caused by some official policy, practice, or custom of the governmental entity. *See id*. at 691; *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997). Montez fails to allege any such facts, and he offers only a scattered few conclusory assertions along these lines. *Cf. Cantu v. Moody*, 933 F.3d 414, 421 (5th Cir. 2019) (noting the insufficiency of "conclusions without any factual allegations to support them") (citing *Iqbal*, 556 U.S. at 681).

To be clear, Montez alleges no facts suggesting that any policy, practice, or custom of Bexar County, or any widespread pattern or longstanding custom or practice on the part of Bexar County's Deputy Sheriffs, harmed him in a way that could support a colorable § 1983 claim. In his first "response," Montez merely asserts, without any factual support, that there is a policy or practice of officers confiscating various items belonging to detainees and thereby denying them access to materials necessary for hygiene. *See* Dkt. No. 16. This revised version of Montez's claim fails not only because it is too conclusory but also because state law supplies an adequate remedy via a claim for conversion. *See DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019) (citing *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)). Moreover, a claim for the denial of access of materials necessary for maintaining hygiene is not actionable, and is properly

dismissed, if "some measure of hygiene [was] provided" and the allegations do not describe extreme conditions. *Ruiz v. LeBlanc*, 643 F. App'x 358, 362 (5th Cir. 2016) (quotation omitted).

Montez doesn't allege facts consistent with a failure-to-train or inadequate-training claim. And even if he did, any such claim would fail here because there is alleged no "pattern of similar incidents" and no allegation capable of supporting a conclusion that the inadequacy of the training provided was both "obvious and obviously likely to result in a constitutional violation." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 287 (5th Cir. 2002). Montez complains of a single incident, and he alleges no facts reflecting inadequate or missing training.

*Qualified Immunity*. This leaves claims against the Defendants (perhaps including the Sheriff) in their individual capacities. As to the Sheriff, Montez fails to allege that Sheriff Salazar was personally involved in any constitutional deprivation, and so an individual-capacity claim against the Sheriff fails for that reason. *See, e.g.*, *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) ("Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. . . . [and,] [s]upervisory officials are accountable for their own acts . . . and for implementing unconstitutional policies that causally result in injury to the plaintiff.") (citations omitted) In any event, all of the individual-capacity claims can't overcome Defendants' qualified immunity.

Qualified immunity shields public officials like Defendants from civil liability for the performance of discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Pearson v. Callahan*, 555 U.S. 223,

232 (2009). Montez alleges no actionable violation of clearly established constitutional or

statutory rights.

Reviewing the various allegations reveals the following shortcomings:

- Allegations that various BCADC personnel made rude remarks and used profanity while speaking to Montez, and that they made remarks to other inmates referring to Montez that caused him to fear for his safety, look to fail because Montez alleges no resulting injury.[2]

- A claim based on an officer shining a flashlight into Montez's eyes surely fails because the use of force against a pretrial detainee like Montez can only rise to the level of an actionable constitutional violation if it is objectively unreasonable.[3] Further, the alleged resulting injuries—blurred vision, dizziness, a "pulsing" sensation in the eyes, and headaches, *see* Dkt. Nos. 1 at 4; 5 at 2-3—appear *de minimus*.[4]

- Montez's complaints about improperly handled grievances fall short because there's no constitutional violation when grievances aren't handled to a prisoner's liking.[5]

- As already discussed, no actionable claim can flow from complaints of missing hygiene products or improperly confiscated personal items like a bowl, cup, radio, or four batteries. *See* Dkt. No. 1 at 8. The adequate state remedy of a claim for conversion forecloses such §1983 claims based on deprivation of property without due process.[6]

---

[2] *See* Docket nos. 1 at 4-5; 5 at 1-2; *see Hoffman v. Stulga*, No. SA-09-CA-0618-XR, 2011 U.S. Dist. LEXIS 161636, at *14 (W.D. Tex. 2011) (collecting cases).

[3] *See Davis v. Hernandez*, No. A-17-CV-744-RP, 2019 U.S. Dist. LEXIS 26200, at *10 (W.D. Tex. 2019) (discussing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)).

[4] *Cf e.g.*, *Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018) ("This court has held the following types of injuries to be de minimis: abrasions, back and neck pain, and contusions.") (citing *Brooks v. City of W. Point*, 639 F. App'x 986, 990 (5th Cir. 2016).

[5] *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *see also Giddings v. Valdez*, No. 3:06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. 2007) (collecting cases and noting, "an inmate does not have a constitutional entitlement to an adequate grievance procedure").

[6] *See DeMarco*, 914 F.3d at 387 (citing *Murphy*, 26 F.3d at 543).

- Vague, conclusory allegations of "retaliation" fare no better. *See* Dkt. Nos. 1 at 4; 5 at 1; 6 at 2. "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right[.]"[7] Montez fails to do that here.

Finally, in the document filed at Docket Number 6, Montez appears to add a new claim premised on state law and the failure by unidentified BCADC personnel to adequately clean a cell in which Montez was housed. Dkt. No. 6 at 1-2. Section 1983 protects against the deprivation of federally protected rights, and here no Montez identifies no federally protected right. The Eighth Amendment, however, is implicated by these types of allegations. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). But here, Montez doesn't identify any Defendant who failed to adequately clean his cell or any injury he suffered as a result of a failure to clean his cell. *See, e.g.*, *Talbert v. Dean*, No. CIVA 07-1441-P, 2010 WL 1660656, at *2 (W.D. La. Mar. 17, 2010), *report and recommendation adopted*, No. CIVA 07-1441-P, 2010 WL 1686056 (W.D. La. Apr. 22, 2010) (dismissing claims premised on unsanitary conditions in which plaintiff was exposed to raw sewage because no resulting injury alleged).

## III. Conclusion

For the reasons stated above, **IT IS ORDERED** that Defendants' Motion to Dismiss, Dkt. No. 14, is **GRANTED IN PART** in that **within thirty (30) days from the date of this order**, Montez shall file a more definite statement of the claims he seeks to present to this Court.

In his more definite statement, Montez should describe each and every action that each Defendant committed that Montez believes was wrongful. Montez should explain where and when such actions occurred, as well as if and how he was injured by the actions.

Montez is reminded to either type or legibly print his more definite statement, and to keep his statement "**short and plain**," detailing only the facts relevant to his claims. Montez shall include the following declaration at the end of his more definite statement:

---

[7] *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____201_.

_____
Signature of Plaintiff

If Montez fails to comply with this Order, the Court can dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Montez doesn't wish to file a more definite statement or show cause, he may request voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(a).

The Court will withhold entry of a scheduling order in this case until it receives and reviews Plaintiff's more definite statement.

**IT IS SO ORDERED**.

SIGNED this 8th day of November, 2019.

_____
RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE