IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD ANTHONY MONTEZ, SID #819042, | § § § § § § § § § § § § § § § | 5-18-CV-749-RBF |
| *Plaintiff,* | | |
| vs. | | |
| SHERIFF JAVIER SALAZAR; CAPTAIN JOEL JANSSEN; LIEUTENANT DARREN WILLIAMS; SERGEANT ROXANNE MATHAI; DEPUTY OFFICER PEDRO CORREA,[1] | | |
| *Defendants.* | | |

## **ORDER**

This Order concerns the Re-Urged Motion to Dismiss filed by Defendants Bexar County Sheriff Javier Salazar, Captain Joel Janssen, Lieutenant Darren Williams, Sergeant Roxanne Mathai, and Deputy Officer Pedro Correa. *See* Dkt. No. 24. Also at issue is a document filed as a "Letter/Correspondence from Richard Anthony Montez." *See* Dkt. No. 22. Plaintiff Montez filed this document—it appears—in response to the Court's Order of November 8, 2019, *see* Dkt. No. 21, that directed Plaintiff to file a more definite statement or else have his claims dismissed for failure to state a claim upon which relief could be granted or for failure to prosecute. After the Court issued the November 8 Order and Montez responded with his letter, which the Court in the interest of justice construed as a response to the November 8 Order, Defendants re-urged their motion to dismiss. The parties have consented to trial by a magistrate judge, and authority for

---

[1] As noted in footnote 1 of the Motion to Dismiss, Dk. No. 14, there is some confusion concerning the identity of the various defendants. The summons served on the Personnel Administrator of the Bexar County Sheriff's Office didn't identify any of the Individual Defendants. Accordingly, the individuals listed in the caption are those identified by Defendants as those "most likely" to be the parties Plaintiff Montez sought to identify and sue. While the Court's Order of November 8, 2019 directed Plaintiff to use the more definite statement to clarify, if necessary, precisely who it is he wishes to sue, Plaintiff made no such clarification.

1

this Order therefore stems from those consents and 28 U.S.C. 636(c). *See* Dkt. Nos. 11, 15 (consents) & 18 (reassignment order).

Montez has not responded to the re-urged motion. Moreover, Montez's response to the November 8 Order doesn't address the issues raised in the November 8 Order that explain why Montez's various claims are subject to dismissal. Finally, there is an indication on the docket that Montez may not have received a mailed copy of the Court's December 17, 2019, Order construing Montez's letter as a response to the November 8 Order and ordering a responsive pleading from Defendants. But because Montez did receive the November 8 Order and has not adequately responded to it, his potential failure to receive a mailed copy of the December 17 Order does not affect this ruling. Moreover, it is each party's obligation to ensure that the Court has accurate contact information for that party and that the party is aware of matters that appear on the docket.

Accordingly, for all the reasons discussed above, those discussed at length in the November 8 Order, and also because Montez's failure to adequately address the issues raised in the November 8 Order and failure to respond to the Re-Urged Motion to Dismiss constitute a failure to prosecute under Federal Rule of Civil Procedure 41(b), **IT IS ORDERED** that the Re-Urged Motion to Dismiss filed by Defendants Bexar County Sheriff Javier Salazar, Captain Joel Janssen, Lieutenant Darren Williams, Sergeant Roxanne Mathai, and Deputy Officer Pedro Correa, Dkt. No. 24, is **GRANTED** and Montez's claims are **DISMISSED**.

**IT IS SO ORDERED**.

SIGNED this 31st day of March, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE